**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROGELIO PORRAS,** | § | |
| **TDCJ No. 1585718,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-13-CV-248-KC** |
| | § | |
| **GILBERT SANCHEZ,** | § | |
| **NORMA FAVELA, and** | § | |
| **LOUISE PEARSON,** | § | |
| **Defendants.** | § | |

## <u>ORDER ACCEPTING THE REPORT OF THE MAGISTRATE JUDGE AND GRANTING THE DEFENDANTS' MOTIONS TO DISMISS</u>

In an civil rights complaint under 42 U.S.C. § 1983 (ECF No. 3), Plaintiff Rogelio Porras ("Porras"), a state prisoner[1] at the James A. Lynaugh Unit in Fort Stockton, Texas, alleges that Defendants Norma Favela ("Favela") and Gilbert Sanchez ("Sanchez"), acting in their official capacities as district court clerks, deprived him of his rights by withholding and destroying two state applications for a writ of habeas corpus which he attempted to file in the 409th Judicial District Court in El Paso County, Texas, in April of 2010.  He also asserts Defendant Louise Pearson ("Pearson"), acting in her official capacity as the Clerk of the Court of Criminal Appeals for the State of Texas, refused to return documents to him.  He argues the delay in considering the applications resulted in his unjust imprisonment.  Porras seeks compensatory damages in the amount of $500,000 from each Defendant.

In a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 7), Pearson claims an entitlement to quasi-judicial immunity, sovereign immunity, and

---

[1] *State v. Porras*, No. 2008D05650 (409th Dist. Ct., El Paso Cnty., Tex.  May 8, 2009), *appeal dismissed*, No. 08-09-00163-CR, 2009 WL 2461283 (Tex. App.–El Paso Aug. 12, 2009, no pet.).

Eleventh Amendment immunity.[2]  In a motion to dismiss under Rule 12(b)(6) (ECF No. 8),

Favela, the current District Clerk for El Paso County, Texas, maintains she "was not in [the]

office of the District Clerk until sometime after the Clerk's office received the papers that

[Porras] says he mailed to the clerk.  Clearly, she could not have acted under color of law in

April 2010 when she was not sworn into that office until January, 2011."[3]  In a motion to dismiss

under Rule 12(b)(6) (ECF No. 13), Sanchez, the District Clerk for El Paso County, Texas, at the

time Porras alleges he submitted his state applications for a writ of habeas corpus, argues that

Porras makes only a conclusory assertion of misconduct and he is not entitled to relief:

> [Porras] asserts, but cannot prove, that [Sanchez] did something affirmatively
> with the paperwork he says he mailed.  Nor can [Porras] prove that [Sanchez]
> failed to take action.  All that [Porras] asserts is that he mailed papers in an
> envelope by certified mail and that a receipt for that envelope was signed.[4]

In a report and recommendation (ECF No. 18), the United States Magistrate Judge to

whom the Court referred this matter opines the Court should grant Pearson's motion under Rule

12(b)(1) for lack of subject-matter jurisdiction.[5]  She notes the Eleventh Amendment divests

federal courts of the jurisdiction necessary to entertain suits for monetary damages directed

against a state or a state officer acting in her official capacity.[6]  She then reasons:

---

[2] Def. Pearson's Mot. to Dismiss 2–5, Sept. 20, 2013, ECF No. 7.

[3] Def. Favela's Mot to Dismiss 7, Oct. 3, 2013, ECF No. 8.

[4] Def. Sanchez's Mot. to Dismiss 7, Oct. 8, 2012, ECF No. 13.

[5] *See* 28 U.S.C. § 636(b)(1)(B) (2006) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[6] Report and Recommendation 7–8, Apr. 17. 2014, ECF No. 18 (citing *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990) ("The Eleventh Amendment states: 'The Judicial power of the United States shall not be construed to extend to any suit in law or equity,

[Porras] has sued Defendant Pearson in her official capacity as Clerk of the Texas Court of Criminal Appeals seeking money damages. . . . Because the Texas Court of Criminal Appeals has not consented to suit and [Porras] has not set forth a statute in which Congress has clearly and validly abrogated the state's sovereign immunity, the Texas Court of Criminal Appeals has sovereign immunity and cannot be sued in federal court. [Thus, Porras's] claims against Defendant Pearson are barred by the lack of subject-matter jurisdiction.[7]

The Magistrate Judge also recommends that the Court grant Favela and Sanchez's motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. She explains "[t]o state a claim under § 1983, a plaintiff must (1) allege facts showing a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was caused by a person or persons acting under color of state law."[8]

Accordingly, § 1983 is not a source of substantive right, but rather, is a vehicle for "vindicating

---

commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State.' This Court has drawn upon principles of sovereign immunity to construe the Amendment to establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted)).

[7] *Id*. at 9 (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *Banargent v. Tex. Court of Criminal Appeals*, No. A-10-CA-358-SS, 2010 WL 2430766, at *2 (W.D. Tex. June 15, 2010) (Pitman, J.) ("Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury."), *rec. adopted*, No. A-10-CA-358-SS (Doc. 16) (W.D. Tex. Mar. 16, 2011) (Sparks, J.) (dismissing claims against the Texas Court of Criminal Appeals based on Eleventh Amendment immunity)).

[8] *Id*. at 9–10 (citing *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

-3-

federal rights elsewhere conferred."[9]

In his complaint,[10] Porras claims that Favela and Sanchez violated his rights when, by not filing his state writ applications, they denied him access to the courts,[11] which resulted in his false imprisonment.[12]  As the Magistrate Judge explains in her report, a plaintiff must demonstrate that his position as a litigant was actually prejudiced by the Defendants' actions to prevail in an access to the courts claim.[13]  "However, as [Porras himself] points out, he filed a subsequent writ of habeas corpus with the Texas Court of Criminal Appeals on February 25, 2013.  The Texas Court of Criminal Appeals ultimately rejected Plaintiff's application for writ of

---

[9] *See Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979) ("It is for violations of such constitutional and statutory rights that 42 U.S.C. § 1983 authorizes redress; that section is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.").

[10] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

[11] *See Bounds v. Smith*, 430 U.S. 817, 821(1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts.").

[12] *See Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir. 1992) ("We begin by observing that our circuit recognizes causes of action under § 1983 for false arrest, illegal detention (false imprisonment), and malicious prosecution."); *Williams v. Heard*, 533 F.Supp. 1153, 1158 (S.D. Tex. (1982) ("[I]n a false imprisonment case, a cause of action will lie under section 1983 only if there is a deprivation of liberty (as evidenced by the three prong test of false imprisonment under traditional tort law) without due process of law.").

[13] Report and Recommendation 10–11, Apr. 17. 2014, ECF No. 18.  *See also Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996)("[T]o make out a claim that his constitutional right of access to the courts has been violated, Eason must have demonstrated that his position as a litigant was prejudiced by his denial of access to the courts.").

-4-

habeas corpus, finding it intentionally false and misleading."[14]  Porras cannot, therefore, show

either Favela or Sanchez prejudiced any legal proceeding, and he is not entitled to relief on this

claim.

Moreover, the Magistrate Judge explains that in *Heck v. Humphrey*,[15] the Supreme Court

held a conviction must be invalidated before a prisoner may recover damages for false

imprisonment:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.][16]

Accordingly, because Porras's sentence has not been overturned or otherwise invalidated by a

state or federal court, *Heck* bars his false imprisonment claim, and he fails to state a claim on

which relief can be granted.[17]

The Magistrate Judge gave the parties fourteen days to file written objections to her

proposed findings, conclusions, and recommendations.[18]  A party who files timely written

---

[14] *Id*. at 11–12 (citing *Ex Parte Porras*, WR-75211-04, 2013 WL 5276041, at *1 (Tex. Crim. App. Sept. 18, 2013) ("We find that Applicant has abused The Great Writ by submitting false and misleading claims.")).

[15] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[16] Report and Recommendation 14, Apr. 17. 2014, ECF No. 18 (quoting *Heck*, 512 U.S. at 486–87).

[17] *Id*. at 15.

[18] *Id*. at 20.  *See also*  28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and

objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[19]  As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[20]  After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[21]  To date, neither party has responded to the report.[22]

After carefully reviewing the report, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[23]  Therefore, the Court enters the following orders:

---

recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[19] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[20] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[21] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[22] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[23] *Wilson*, 864 F.2d at 1221.

1. The Court **ACCEPTS** the Magistrate Judge's reports and recommendations (ECF No. 18).

2. The Court **GRANTS** Defendant Louise Pearson's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 7) and **DISMISSES WITHOUT PREJUDICE** Plaintiff Rogelio Porras's claims against her.

3. The Court **GRANTS** Defendants Norma Favela and Gilbert Sanchez's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 8 and 13) and **DISMISSES WITH PREJUDICE** Plaintiff Rogelio Porras's claims against them.

4. The Court **DISMISSES** Plaintiff Rogelio Porras's civil rights complaint under 42 U.S.C. § 1983 (ECF No. 3).

5. The Court **DENIES** all pending motions, if any, as moot.

6. The Court **ADVISES** Plaintiff Rogelio Porras that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915.[24]  The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention:  Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702.  *Should Porras accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of*

---

[24] *See* 28 U.S.C. § 1915(g) (2006) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

*serious physical injury.*[25]

      **SO ORDERED.**

      **SIGNED** on this 21st  day of May 2014.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[25] *See id.*